UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                )
                                      )
    DARIUSH JAHANIAN          )    Case No. 08-10030-SSM
                                      )    Chapter 13
                Debtor     )

**MEMORANDUM OPINION AND ORDER**

    Before the court is the motion of Thomas P. Gorman, standing chapter 13 trustee, to dismiss the debtor's case for material default with respect to a confirmed plan. The County of Loudoun, Virginia, has joined in the motion. A hearing was held on September 23, 2009. The debtor was present in person and was represented by his attorney of record. At the hearing the United States, on behalf of the Small Business Administration, appeared and supported the trustee's position. After hearing the contentions of the parties, the court took the motion under advisement. For the reasons stated, the motion will be denied, conditioned upon the sale of the property contemplated by the plan occurring before January 30, 2010.

Background

    The debtor, Dariush Jahanian, filed a voluntary petition in this court on January 3, 2008, for adjustment of his debts under chapter 13 of the Bankruptcy Code. On his schedules, he listed assets of $1,815,450, secured debt of $594,824, and unsecured debt of $22,707. Although the debtor is liable to the Small Business Administration on a personal guarantee of a business loan, he did not list it as a creditor. On his schedules, he reported net monthly income of $5,530 and monthly expenses of $4,845. His largest asset was a reported 60% interest in an entity known as

1

                                Document      Page 2 of 8

Dar Real Estate LLC (as well as two apparently related entities, Dar International Furniture and Dar Designs LLC), which he valued at $1,140,000. This value was based on commercial real estate owned by Dar Real Estate at 45929 Maries Road, Sterling, Virginia. The schedules reported that the property was currently listed for sale at $1.8 million and was subject to mortgages of $700,000, giving a net value for the debtor's interest of $660,000.

The first plan filed by the debtor did not proceed to confirmation. A second plan was filed on March 14, 2008. The plan required the debtor to pay the trustee $600 per month for 36 months, and, in addition, to sell the Maries Road property, with sufficient proceeds being paid to the trustee to provide a 100% payout to all creditors. The County of Loudoun objected to confirmation of the plan because it contained language that, without quite saying so, attempted to bar the County from enforcing its claim for unpaid real estate taxes on the Maries Road property during the plan term, with the taxes to be paid only upon the sale of the property. Following a hearing, the court entered an order on March 27, 2008, striking that provision, and by subsequent order entered April 29, 2008, confirmed the plan with the further modification that the Maries Road property would be sold no later than January 2, 2009. The confirmation order also provided,

> Upon the failure of the Debtor to timely sell and pay the proceeds into this Chapter 13 case, the Chapter 13 Trustee shall certify that [*sic*] non-compliance with this Order of Confirmation and file Motion to Dismiss or Convert this proceeding as in the best interest of the creditors of this case.

When sale of the Maries Road property did not occur by the date specified in the confirmation order, the chapter 13 trustee filed on February 3, 2009, the motion to dismiss that is currently before the court. The motion first came up for hearing on March 11, 2009, and was continued to May 27, 2009, based on the debtor's representation that he had received several

offers for the property but that none of the prospective purchasers had been able to obtain financing, and he needed additional time to sell the property. On May 27, the hearing was continued to July 29, when it was further continued to September 23, with both continuances being granted to allow the debtor additional time to sell the property.

In the meantime, the County of Loudoun proceeded with a suit in state court to enforce its lien against the Maries Road property for the unpaid real estate taxes and, while the record is not completely developed, has apparently obtained a decree for the sale of the property. Additionally, United Bank, the holder of the first-lien deed of trust against the property, scheduled a foreclosure sale. In order to stop the sale, Dar Real Estate filed a chapter 11 petition in this court on August 24, 2009. *In re Dar Real Estate, LLC*, No. 09-16853-SSM. On its amended schedules, it valued the real estate at $1,223,900, based on the current Loudoun County tax assessment, and reported total liens against the property (including the delinquent real estate taxes) of $910,502.[1] At a hearing on United Bank's motion for relief from the automatic stay, Mr. Jahanian testified that the property was currently listed for sale at $1.2 million. He further testified that the property had been on the market for approximately two years; had originally been listed for sale at $2.5 million; had been listed at the current price for approximately two months; and was currently vacant. He also testified that he was exploring the idea of engaging a recognized auction company to sell the property at public auction in January 2010 if he could not

---

[1] The liens, in order of priority, are shown as follows:

| | |
|---|---:|
| Loudoun County R.E. taxes | $ 92,502 |
| United Bank 1st deed of trust | $ 425,000 |
| SBA 2nd deed of trust | $ 355,000 |
| Cascades Business Center 3rd deed of trust | $ 38,000 |
| Total | $ 910,502 |

obtain a contract prior to then.  Based on the evidence presented, the court found that Dar Real Estate had equity in the property and that United Bank was adequately protected in the short run by a substantial equity cushion even if the property was only worth (as the bank contended) $900,000.  However, the court also determined that the property was "single asset real estate" subject to the requirements of § 362(d)(3), Bankruptcy Code, and the court therefore required that by November 23, 2009, Dar Real Estate either file a plan that has a reasonable possibility of being confirmed within a reasonable period of time or commence making monthly payments of interest on the United Bank note at the non-default rate.

## Discussion

On motion of a party in interest, and after notice and a hearing, a chapter 13 case may be dismissed or converted to a case under chapter 7, whichever is in the best interests of creditors and the estate, for cause, including, among other reasons, "material default by the debtor with respect to a term of a confirmed plan."  § 1307(c)(6), Bankruptcy Code.  Although the trustee reports that the debtor is current on the required monthly payments into the plan, the trustee, Loudoun County, and the United States argue that the failure to sell the Maries Road property by the date specified in the confirmation order is a material default warranting dismissal of the case.  The debtor does not deny the default but urges that in the current economic crises, and the attendant collapse of the commercial real estate market in Northern Virginia, unsecured creditors will not be prejudiced if he is given some modest additional time to sell the property.  The debtor also requests that, if the case is not to continue in chapter 13, that it be converted to chapter 7 rather than dismissed.

The extent to which a default under a confirmed plan is sufficiently material to justify dismissal is necessarily case-specific and will depend on whether the failure of performance will result in creditors receiving less than they would have received had the default not occurred. It not infrequently happens in chapter 13 cases that debtors fall behind in their required plan payments to the trustee, but since time is not always of the essence, debtors are usually given an opportunity to cure the default when that can be accomplished within the term of the plan. Whether to give a defaulting debtor additional time will frequently depend on the reason for the default. Loss of employment, for example, is an understandable reason for falling behind, but if the debtor has since obtained new employment and can finish the plan within the original term, or with only a minor extension of the plan term, dismissal will ordinarily not be appropriate. On the other hand, if the debtor has fallen behind because he or she is simply unable to live within a budget, there is less hope for successful completion of the plan, and dismissal or conversion of the case would ordinarily be appropriate.

In the present case, although the debtor is current on his monthly payments to the trustee, it is clear that the plan's promise of a 100% payout to unsecured creditors cannot occur without sale of the property. The periodic payments into the plan of $600 a month for 36 months total $21,600. After payment of the trustee's 10% statutory commission and a $2,455.87 mortgage arrearage claim, only $16,984.13 remains for payment of the $24,956.80 in unsecured claims that have been filed. This is sufficient to pay only a 68% dividend on those claims. In order to achieve a 100% payout, an additional $7,972.67 is required, which must necessarily come from the sale of the property. If the property can be sold at its current listing price, the debtor should

5

receive more than $100,000 for his interest, which would pay the plan in full.[2]  The delay in the sale of the property does not appear to have resulted from any lack of effort by the debtor but is rather the consequence of an economic crisis unprecedented in this nation since the Great Depression.  The plan itself has fifteen months to run.  This is not to say that creditors are not prejudiced by the delay in selling the property.  Under the plan, unsecured creditors receive only the face amount of their claims.  There is a time value to money, and 100% payment tomorrow (or next month or next year) is worth less, in economic terms, than 100% payment today.  As a practical matter, however, any additional delay is likely to be brief, if only because Dar Real Estate, as a result of its chapter 11 filing and the status of the property as single-asset real estate, will not have an extended period of time in which to sell the property.  Indeed, so long as the County of Loudoun and the SBA are effectively held at bay by the chapter 11 filing—and as a practical matter will be paid through that case, not this—it is difficult to see how they are prejudiced by allowing this case to continue.  In the mean time, unsecured creditors are receiving an actual benefit in the form of current payments from the trustee on their claim.[3]  Given the

---

[2] Assuming 7% costs of sale, and using the lien amounts shown on the schedules for Dar Real Estate, LLC, the net proceeds to the debtor would be as follows:

| | |
|---|---:|
| Sales price | $ 1,200,000 |
| Less costs of sale | $      84,000 |
| Less liens | $    910,502 |
| Net proceeds | $    205,498 |
| Debtor's share | 60% |
| Proceeds to debtor | $    123,299 |

[3] The accounting filed by the trustee in February 2009 with his answer to a motion for relief from the automatic stay brought by the holder of the mortgage against the debtor's house shows that the prepetition arrearage had been paid in full and that unsecured creditors had received, at that point, a dividend of approximately 12%.

interest of the unsecured creditors in receiving full payment of their claims, and given the benefit to them of being paid by the chapter 13 trustee rather than having to proceed in state court to enforce their claims, dismissal at this time is probably not in their best interest when there is at least a reasonable possibility of a sale in the next few months that will pay them in full. It is, accordingly,

**ORDERED:**

1. The motion to dismiss is denied, conditioned upon the sale of the Maries Road property occurring no later than the earlier of January 30, 2010, or any deadline for sale set in the case of Dar Real Estate, LLC.

2. A status hearing will be held on **February 10, 2010, at 1:30 p.m.**

Date: _____    _____
                                    Stephen S. Mitchell
Alexandria, Virginia                United States Bankruptcy Judge

Copies to:

Dariush Jahanian
4133 Elizabeth Lane
Fairfax, VA 22032
Debtor

Joseph Michael Langone, Esquire
Law Offices of Joseph M. Langone
11876 Sunrise Valley Dr. Suite 201-C
Reston, VA 20191
Counsel for the debtor

Thomas P. Gorman, Esquire
300 N. Washington St., Suite 400
Alexandria, VA 22314
Chapter 13 Trustee

Robert K. Coulter, Esquire
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA  22314

Belkys Escobar, Esquire
Assistant County Attorney
County of Loudoun
One Harrison Street, S.E., 5th Floor
Leesburg, Virginia 20175-3102